

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 17, 1951

Hon. C. J. Hollingsworth, Chairman
Committee on Board Procedures
Board of Vocational Nurse Examiners
Lubbock, Texas          Opinion No. V-1321

Dear Sir:

         Re: Necessity that the
               Board of Vocational
               Nurse Examiners hold
               meetings when exami-
               nations are to be
               given.

         You have requested the opinion of this
office concerning the interpretation of various pro-
visions of House Bill 47, Acts 52nd Leg., R.S. 1951,
ch. 118, p. 197, which provides for the licensing of
vocational nurses by the Board of Vocational Nurse
Examiners.

         Your first question relates to the number
of meetings which the Board must hold each year. You
state that your committee's interpretation of Section
4 of the act is that since there will have to be sixty
days' notice before an examination can be given, the
Board will have to meet twice to give examinations
and will have to have two additional meetings in which
licenses will be issued, in addition to any meetings
for special purposes other than those already men-
tioned. You ask whether this interpretation is cor-
rect.

         You also ask whether a quorum of six mem-
bers of the Board must be present to give an examina-
tion. You state that it would be desirable for two
members to hold examinations in several parts of the
State at the same time, since this would be more con-
venient for the people taking the examination and
would require less expense on their part. However,
since the statute states that the examination must be
given by the Board, your committee has interpreted it
as requiring the presence of at least six members at
each examination.

In your third question, you refer to the requirement in Section 5 that an applicant for examination must have had "at least two years of high school education or its equivalent", and you ask if we can give you any yardstick to determine what would be construed as equivalent to two years of high school education.

Section 4 of House Bill 47, supra, provides in part:

"(b) At the first meeting after appointment of members, the Board shall elect a President, Vice-president, and Secretary-treasurer, and thereafter shall elect such officers yearly at an annual meeting. The Board may make such rules and regulations as may be necessary to govern its proceedings and to carry in effect the purposes of this law. The Secretary-treasurer shall be required to keep minutes of each meeting of said Board, a register of the names of all nurses licensed under this law, and books of account of fees received and disbursements; . .

" . . .

"(d) Regular meetings of the Board shall be held at least twice a year, one of which shall be designated as an Annual Meeting for election of officers and the reading of auditors' reports, and at both regular meetings licenses shall be issued to those qualified. At least twice each year the Board shall hold examinations for qualified applicants for licensure. Not less than sixty (60) days notice of the holding of examinations shall be given by publication in at least three (3) daily newspapers of general circulation, to be selected by the Board; special meetings shall be held upon request of four (4) members of the Board or upon the call of the President; six (6) members of the Board shall constitute a quorum for the transaction of business, and should a quorum not be present on the day appointed for any meeting, those persons present may adjourn from day to day until a quorum shall be present, providing that such period shall not be longer than three (3) successive days; . . ."

We believe the Board has broad discretion in determining when and where the meetings shall be held. The Board is required to hold two examinations each year for qualified applicants for licensure. These examinations may be given during the annual meeting held for electing officers and reading the auditor's reports or during the other regular meeting of the Board. If the Board chooses, it may elect to hold examinations at other times. We agree with you that before an examination may be held a quorum of six board members must be present.

Section 5 of the Bill provides:

"Every person desiring to be licensed as a Licensed Vocational Nurse or use the abbreviation L.V.N. in the State of Texas, shall be required to pass the examination given by the Board of Vocational Nurse Examiners; the applicant shall make application by presenting to the Secretary of the Board, on forms furnished by the Board, satisfactory sworn evidence that the applicant has had at least two (2) years of high school education or its equivalent, . . ."

We have been unable to find where the courts of this State have construed the word "equivalent" in a comparable situation. It has been construed by other courts as meaning "equal in worth or value, force, power, effect, import and the like". Knox v. O'Brien, 7 N.J. Super. 608, 72 A.2d 389 (1950). In that case, which involved a provision of the Compulsory Education Law requiring children to attend public school "or to receive equivalent instruction elsewhere than at school", the court treated the question of equivalency as one of fact.

The prerequisite "that the applicant has had at least two (2) years of high school education or its equivalent" before taking an examination involves a fact finding by the board in the light of the above definition of the term "equivalent". Since each application might present a different factual situation, we cannot lay down any rule to govern the action of the Board in all situations. However, the board has the discretion to make such reasonable requirements as it deems proper relative to the proof necessary to convince the board that the applicant has an equivalent

of two years of high school education.

## SUMMARY

Under the provisions of House Bill 47, Acts 52nd Leg., R.S. 1951, ch. 118, p. 197, the Board of Vocational Nurse Examiners may determine when and where meetings shall be held for examining applicants for licenses. These examinations may be given at the same time as the two regular meetings required by Section 4 or at different times if the Board elects and a quorum of six members is present. The Board may make reasonable requirements relative to the proof necessary to convince the Board that the applicant has an equivalent of two years of high school education.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BA:mh

Yours very truly,

PRICE DANIEL
Attorney General

By *Bruce Allen*
Bruce Allen
Assistant